## Case No. 1,204.

### BECHTEL'S CASE.[1]

District Court, E. D. Pennsylvania. Dec. 16, 1871; Jan. 29, 1872.

BANKRUPTCY—CLAIM OF WIFE AGAINST HUSBAND'S ESTATE —HUSBAND'S TESTIMONY INCOMPETENT—EVIDENCE—LIMITATIONS.

[1. The testimony of a bankrupt husband should not be admitted to prove a claim by his wife against his estate for a sum loaned to him out of her separate estate.]

[Distinguished in Re Bean, Case No. 1,166.]

[2. Where a check book would be competent evidence but for certain interpolations, which should be rejected, the book itself should still be admitted.]

[3. A note for one year was given by a husband to his wife's brother, in trust for the wife, with the privilege of renewal for one year. *Held*, that the relations of the parties made a formal renewal for the additional year unnecessary in order to prevent the running of the statute of limitations from the expiration of that year.]

[In bankruptcy. In re George H. Bechtel. Application by the wife of the bankrupt to prove a claim against his estate. Hearings on exceptions to the register's reports.]

CADWALADER, District Judge. I am of opinion that public policy excludes the testimony of the husband to prove a loan to him by the wife of her separate money, whether a formal trust for her separate use exists, or the money was hers under the [Pennsylvania] married women's act of 1848, [P. L. 536.]

I am also of opinion that the check book is sufficiently verified without the husband's evidence, and that the entries in it, if the interpolations had not occurred, would, as cotemporaneous acts of the husband, showing the derivation of the fund, have been competent evidence, though not with all the consequences contended for on the part of the wife. But the interpolations must be rejected, and thrown wholly aside, in our view of the case. The original entries are not, as I think, rendered inadmissible as evidence by reason of the interpolations.

Independently of the suggestion that the check book appears, when fully examined, to be a special one, applicable only or principally to Mrs. Bechtel's separate funds, and independently of the evidence that a former note of the firm had been given to a trustee for her, the first entries would show nothing more than a conversion by husband and wife of land which they held in her right into money which went at once to his use or that of his firm. It would be premature to decide whether the last-mentioned fact alone would have made her an equitable creditor, without considering all the other circumstances.

On January 29, 1872, this case was heard upon a second report of the register, and his former report and the evidence reported. On the hearing, the note mentioned in the testimony of George A. Eno was produced and exhibited in evidence, which is of the following effect: "Philadelphia, June 1st, 1863. Due to William E. Bechtel, in trust for Anna Margaret Bechtel, thirty-six hundred and sixty two 52/100 dollars, payable June 1st, 1864, with the privilege of renewing the loan to the firm for another year. $3,662.52. (Signed) George A. Eno. Geo. H. Bechtel."

CADWALADER, District Judge. The court is of opinion that this engagement, (of which the sole responsibility appears to have been afterwards assumed by bankrupt, as between him and Mr. Eno,) in connection with the other evidence, establishes a legal or equitable indebtment of the bankrupt to his brother, as trustee for the bankrupt's wife; and that, considering the relations of the parties, no formal act of renewal was necessary in order to postpone the time from which the statute of limitations could run to 1st June, 1865. As the latter date is within six years of the commencement of the proceedings in bankruptcy, proof to the amount of this note or duebill without interest is allowed. The exceptions on the part of Mrs. Bechtel are overruled so far as any greater amount was claimed. But the register is authorized to consider as open the question whether the proof allowed by the court should be considered as exclusive or inclusive of the amount for which he allowed proof.